UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMASENA DUREEKA RIVERS,<br><br>             Plaintiff,<br><br>        v.<br><br>LELAND DUDEK, Commissioner of Social Security,[1]<br><br>             Defendant. | Case No.  1:24-cv-00836-BAM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS PROCEDURALLY IMPROPER<br><br>(Docs. 11, 15) |

Plaintiff Tomasena Dureeka Rivers, proceeding pro se and in forma pauperis, filed a complaint on July 19, 2024, alleging that the Department of Social Security was "attempting to take [her] survivor benefit back pay to cover an overpayment for social security once [she was] approved."  (Doc. 1 at 10.)  Currently before the Court is Defendant Commissioner of Social Security's motion to dismiss for lack of jurisdiction and failure to state a claim.  (Doc. 11.)  Defendant contends that Plaintiff failed to exhaust administrative remedies as to Defendant's reduction in Title II Child Disability Benefits and that Plaintiff fails to state a claim regarding a 2020 ALJ decision and Plaintiff's allegations of embezzlement, perjury, RICO, and wrongful termination.  (*Id.*)  Plaintiff's motion for default judgment (Doc. 15) is also before the Court.

---

[1] Leland Dudek became the Commissioner of Social Security in February 2025.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted as Defendant in this suit.

1

The Court finds this matter suitable for decision without oral argument. L.R. 230(g). Having considered the parties' briefing and the record in this matter, the Court will grant Defendant's motion to dismiss as to Plaintiff's claims but will permit Plaintiff 30 days to amend regarding her challenge to the 2020 ALJ decision solely to address the equitable tolling issue and for no other purpose.

**I.      Background**

**A.  Plaintiff's Complaint**

On July 19, 2024, Plaintiff filed her form complaint. (Doc. 1.) As the basis for federal question jurisdiction, Plaintiff writes "embezzlement under 18 u.s. code 641 perjury – under 18 u.s.c. 1621 and 1623 RICO 18 u.s.c 201, wrongful termination." (*Id.* at 4.) In the Statement of Claim section, Plaintiff writes "Commissioner Martin O'Malley is directly responsible for all programs administered by social security. 2011 ALJ ruled my disability is chronic (permanent) as a final decision. February 2020 ALJ Mary Parnow…" (*Id.* at 5.) In a handwritten attachment to the form, Plaintiff writes "violation of Judge's Decision (Lisa Lunsford) final decision," "violation of Judge's Decision (Robert Gill) final Decision state of Florida," "perjury under federal law 18 u.s.c. 1621 and u.s.c 1623 withholding subjective medical evidence" and proceeds to apparently list different social security determinations regarding her conditions. (*Id.* at 7-13.) Plaintiff further writes that "If a Fully Favorable Decision is made I am requesting my entire full backpay. Disability. Survivor benefits. An attempt to commit fraud the department social security is attempting to take my survivor benefit back pay to cover an overpayment for social security once I am approved. It may be that purpose for violating Judge's Decision." (*Id.* at 10.) Plaintiff also writes "June 2022 I received a loan for $5,000. To lease a car for medical needs as well as school for my children. Department of social security deducted $10,618.32 from my back pay. I paid off loan with my county benefits. I received my $10,618.32 Dec. 2022 after filing an appeal and waiver. I paid over $3,000 in interest on the loan. I have suffered loss due to Department of social security I am requesting the payment I've made on loan interest." (*Id.* at 11.) Plaintiff continues: "May 20, 2015 Department of Social Security withheld $24,729.00 of my backpay. I am requesting a waiver 2013. I received a fully favorable decision. The Department of Social

Security refused to automatically convert my Survivor benefit I received in 2009. To withhold $24,729 action of perjury." (*Id.*)  Plaintiff finally writes "Feb. 2020 ALJ Mar[y] Parnow wrongfully terminated my social security disability as well my survivor benefit financial support and medicare I inherited from my deceased father. Due to damages of mental abuse, medical malpractice I have become permanently physically damage… March 2022, ALJ Lisa Landsford ruled in my favor and gave a specific consideration to the res judicata effect of ALJ Law Judge Mary Parnow prior decision. The state agency medical consultants did not adequately consider listings 1.17 and 1.22 and they did not review significant subsequent medical evidence (see Judge's decisions)." (*Id.* at 12-13.)

The Court construes Plaintiff's complaint as broadly alleging three sets of claims.  First, Plaintiff alleges that the Social Security Administration improperly withheld back benefits beginning in 2015.  (Doc. 1 at 11) ("May 20, 2015 Department of Social Security withheld $24,729.00 of my backpay. I am requesting a waiver 2013. I received a fully favorable decision. The Department of Social Security refused to automatically convert my Survivor benefit I received in 2009. To withhold $24,729 action of perjury.")  Second, Plaintiff appears to challenge a 2020 ALJ decision finding that she was no longer disabled.  (*Id.* at 12-13.) ("Feb. 2020 ALJ Mar[y] Parnow wrongfully terminated my social security disability as well my survivor benefit financial support and medicare…")  Third, Plaintiff alleges "embezzlement under 18 u.s. code 641 perjury – under 18 u.s.c. 1621 and 1623 RICO 18 u.s.c 201, wrongful termination," and "perjury under federal law 18 u.s.c. 1621 and u.s.c 1623 withholding subjective medical evidence…" (*Id.* at 4, 7.)

**B. Procedural History**

On August 2, 2024, the action was authorized to proceed before the assigned United States Magistrate Judge for all further proceedings including trial and entry of judgment.  (Doc. 10.)  On September 19, 2024, Defendant filed the instant Motion to Dismiss, contending that (1) Plaintiff failed to exhaust administrative remedies as to Defendant's 2015 reduction in Title II Child Disability Benefits and 2022 Title II request, and (2) that Plaintiff fails to state a claim regarding the 2020 ALJ decision and Plaintiff's allegations of embezzlement, perjury, RICO, and

1  wrongful termination.  (Doc. 11.)  On September 20, 2024, the Court issued and served an
2  informational order upon Plaintiff.  (Doc. 12.)  On October 16, 2024, the Court issued an order to
3  show cause as to Plaintiff's failure to file a timely opposition to Defendant's motion to dismiss,
4  providing that Plaintiff could comply with the Court's order by filing an opposition or statement
5  of non-opposition.  (Doc. 13.)

6  On November 6, 2024, Plaintiff filed her opposition to Defendant's motion to dismiss,
7  contending that Plaintiff did not receive Defendant's motion to dismiss case or certificate of
8  service until October 4, 2024, and moving "to strike the memorandum in support declaration of
9  Christianne Voegele on the grounds of failure to comply with federal rules of due process. The
10 Plaintiff received Defendant's motion eighteen days after this motion was filed. The Defendant's
11 attorney's failure to due process."  (Doc. 14.)  Defendant did not file a reply.

12 On March 3, 2025, Plaintiff filed a motion for default judgment.  (Doc. 15.)  The Court
13 took Plaintiff's motion for default judgment under submission on March 5, 2025.  (Doc. 16.)

14 **II.    Legal Standards**

15 Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6),
16 asserting that Plaintiff has failed to state a claim upon which relief can be granted.  (Doc. 11.)
17 However, Defendant also argues that judicial review is not available to Plaintiff as Plaintiff does
18 not contest a final decision regarding a 2015 withholding of funds or a 2022 Title II request,
19 indicating a jurisdictional challenge under Federal Rule of Procedure 12(b)(1).  (*Id.* at 3-6.)

20 **A. Federal Rule of Civil Procedure 12(b)(6)**

21 A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and
22 dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts
23 alleged under a cognizable legal theory.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42
24 (9th Cir. 2011) (quotation marks and citations omitted).  A court may only consider the
25 complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal
26 Rule of Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988);
27 *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).
28 To survive a motion to dismiss, a complaint must contain sufficient factual matter,

4

accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). However, the court need not credit "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555.

If a complaint fails to state a plausible claim, " '[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.' " *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Federal Rule of Civil Procedure 12(b)(1)**

A party may file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the subject matter jurisdiction of the Court. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a result, they may only review cases as authorized by either the Constitution or a federal statute. *Id.* "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss [it]." *Morongo Band of Mission Indians v. California Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (quotation omitted).

Challenges to jurisdiction may be either facial or factual in nature. *San Luis & Delta-*

5

*Mendota Water Auth. v. U.S. Dep't of the Interior*, 905 F. Supp. 2d 1158, 1167 (E.D. Cal. 2012). A facial attack to jurisdiction "accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ). In contrast, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* In a factual challenge, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Villarino v. Soc. Sec. Administration: Manager, 1521 N. Carpenter Rd., Suite 1, Modesto, CA 95354*, No. 1:18-cv-01112-DAD-EPG, 2018 WL 5095125, at *2 (E.D. Cal. Oct. 17, 2018).

### C. Social Security Exhaustion Requirement

Congress has limited federal courts' jurisdiction over Social Security determinations. Under the Social Security Act, federal courts may only review a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Final decisions come after the claimant completes the Social Security Administration's administrative review process. *See* 20 C.F.R. § 416.1400(a)(1)–(5) (enumerating the four steps in the administrative review process); *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (Section 405(g) "clearly limits judicial review to ... a 'final decision' of the [Commissioner] made after a hearing."); *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (final decision requires "complete exhaustion of administrative remedies.").

The regulations implementing the Social Security Act provide a four-step administrative review process. 20 C.F.R. § 416.1400(a). These steps are delineated as follows: (1) an initial determination; (2) reconsideration; (3) a hearing before an administrative law judge; and (4) review before the Appeals Counsel. *Id.* It is only after completing all four of these steps that the Commissioner's decision is "final" and judicial review may be requested. *Id.*

However, "[a]n exception to this [final decision] rule exists for 'any colorable constitutional claim of due process violation that implicates a due process right either to a

1  meaningful opportunity to be heard or seek reconsideration of an adverse benefits
2  determination.'" *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (quoting *Klemm v. Astrue*,
3  543 F.3d 1139, 1144 (9th Cir. 2008)). "A 'mere allegation of a due process violation' is not a
4  colorable constitutional claim." *Klemm*, 543 F.3d at 1144 (quoting *Anderson v. Babbitt*, 230 F.3d
5  1158, 1163 (9th Cir. 2000)). "[T]he claim must be supported by 'facts sufficient to state a
6  violation of substantive or procedural due process.'" *Id.*; *see also Hafer v. Comm'r of Soc. Sec.*,
7  No. 1:22-cv-00972-JLT-EPG, 2023 WL 2374099, at *6 (E.D. Cal. Mar. 6, 2023), *report and*
8  *recommendation adopted in part, rejected in part*, No. 1:22-cv-0972 JLT EPG, 2023 WL
9  2815585 (E.D. Cal. Apr. 6, 2023) (holding the dismissal should be without prejudice).

   **III.    Defendant's Motion to Dismiss**

   **A.  Plaintiff's Due Process Concern & Motion to Strike Declaration**

12          As an initial matter, Plaintiff's opposition moves to strike a declaration from Chief of
13  Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, Social
14  Security Administration Christianne Voegele's "on the grounds of failure to comply with federal
15  rules of due process" as Plaintiff "received Defendant's motion eighteen days after this motion
16  was filed." (Doc. 14 at 3.) However, Defendant's motion to dismiss contains a certificate of
17  service. (Doc. 11 at 12.) Furthermore, the Court permitted Plaintiff time to respond with its order
18  to show cause and Plaintiff ultimately filed her opposition. (Docs. 13, 14.) Plaintiff has also not
19  indicated that she has been prejudiced by any delay in service or receipt and in fact filed her
20  opposition. (*See* Doc. 14.)
21          Accordingly, the Court denies Plaintiff's request to strike Ms. Voegele's declaration.

   **B.  Lack of Jurisdiction Regarding 2015 Withholding and 2022 Title II Request**

23          Defendant first contends that the Court lacks jurisdiction to review certain decisions
24  because Plaintiff has not completed all steps of the administrative review process related to either
25  a May 2015 notice of withholding payments or to an October 2022 request for Title II benefits.
26  (Doc. 11 at 3-7.) In support, Defendant has submitted a declaration from Christianne Voegele,
27  the Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations,
28  Social Security Administration. (Doc. 11-1.) Ms. Voegele declares that "By letter dated May 20,

2015, the plaintiff was informed that she would receive Title II Child Disability Benefits for September 2011 through March 2015, but that she should have received $23,166.88 less in Title XVI benefits which would be withheld from her payments." Doc. 11-1 at 3 ¶ 3(c). Ms. Voegele further declares that Plaintiff "filed a request for Appeals Council review, Form HA-520 Request for Review of Hearing Decision/Order, on October 20, 2022, requesting to be paid Title II benefits under 'a parent's record'" and that the Appeals Council subsequently explained by letter "that the request for review was completed in error, the Form HA-520 would be treated as a request for reconsideration, and that the Form HA-520 was being sent to the local Social Security office for further action." *Id.* ¶ 3(g). Ms. Voegele finally declares that there is no indication of an Administrative Law Judge decision or dismissal, or a request for review before the Appeal Council, relating to Plaintiff under Title II or XVI of the Social Security Act. *Id.* ¶ 3(h).

Ms. Voegele's declaration establishes that Plaintiff did not obtain a final decision from the Commissioner as to the 2015 withholding or 2022 Title II request prior to filing her action in this Court and, therefore, failed to exhaust her administrative remedies. Plaintiff has also not furnished any evidence demonstrating that she has completed the administrative review process as to the 2015 withholding and 2022 request. She only responds that Ms. Voegele's declaration should be struck for failure to comply with due process. (*See* Docs. 1, 14.) Based on this response, there is no indication that Plaintiff requested a hearing from an Administrative Law Judge or completed any subsequent steps of the administrative review process.

To the extent Plaintiff's complaint challenges an administrative decision by the Commissioner regarding the 2015 withholding of benefits and 2022 Title II request, the Court finds that Plaintiff has failed to exhaust her administrative remedies. Plaintiff cannot bring suit in this Court to challenge these actions until she has completed the administrative review process. *See Walters v. Comm'r of Soc. Sec.*, No. 2:19-CV-238-KJN, 2019 WL 3216905, at *2 (E.D. Cal. July 17, 2019), *aff'd sub nom. Walters v. Saul*, No. 19-16523, 2019 WL 7833140 (9th Cir. Nov. 20, 2019 (explaining that only after plaintiff completes four-step administrative review—and the Commissioner enters a final decision—may a court review the termination of SSI benefits); *King v. Colvin*, No. C-13-1897 EMC, 2013 WL 3388730, at *1 (N.D. Cal. July 8, 2013) (applying

8

four-step administrative review process of 20 C.F.R. § 416.1400(a) and concluding plaintiff could not bring suit in federal court regarding termination of SSI benefits until he had hearing before an administrative law judge, and then a review by the Social Security Appeals Counsel); *cf. Duarte v. Kijakazi*, No. 21-16019, 2023 WL 2755329, at *1 (9th Cir. Apr. 3, 2023) (indicating four-step administrative review process applies to "[t]ermination of" disability benefits claims under Title II).

Moreover, Plaintiff fails to allege a colorable constitutional claim for violation of due process in connection to her benefits claim that would waive her failure to exhaust her administrative remedies. Plaintiff's complaint contains only a "mere allegation" that the Social Security Administration did not resolve her case appropriately, not that she was denied an opportunity to be heard or seek reconsideration. (*See* Doc. 1.); *See Klemm*, 543 F.3d at 1144; *see also Hafer*, 2023 WL 2374099, at *8 (concluding "mere allegations" that SSA reduced benefits without providing opportunity to be heard at a hearing or to lodge objections insufficient to allege colorable constitutional claim that would waive failure to exhaust); *cf. Walters*, 2019 WL 3216905, at *2 (concluding asserted due process claim under Fifth Amendment did not provide for a grant of jurisdiction; noting section 405(g) provides sole express jurisdictional basis for review).

The Court notes that in her opposition to the instant motion, Plaintiff raises due process as to service of Defendant's motion to dismiss. (Doc. 14.) However, this appears to be localized to service of Defendant's motion to dismiss and lacks any facts to demonstrate that she was denied an administrative hearing or did not have an opportunity to be heard or to seek reconsideration. *Klemm*, 543 F.3d at 1144. Indeed, the facts alleged reflect that Plaintiff was provided with multiple notices and opportunities to comply with the Social Security Administration's requests, along with opportunities to be heard regarding compliance with those requests. (*See* Doc. 1.)

As the Court lacks jurisdiction over Plaintiff's claim that the Department of Social Security withheld backpay (Doc. 1 at 11), Defendant's motion to dismiss is GRANTED as to Plaintiff's first claim regarding the 2015 withholding of funds and 2022 Title II request. These claims are DISMISSED without prejudice.

**C. Untimely Challenge to 2020 ALJ Decision**

Defendant further argues that Plaintiff's challenge to ALJ Mary Parnow's February 7, 2020 decision is untimely. (Doc. 11 at 7-9.)

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g). The Commissioner of Social Security allows for an additional five days for mailing and receipt. 20 C.F.R. § 422.210(c) ("Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.")

Sections 405(g) and (h) and the Code of Federal Regulations therefore operate to constitute a 60–day statute of limitations in which the claimant may appeal a final decision from the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987). As the time limit set forth in Title 42 of the United States Code section 405(g) is a condition on the waiver of sovereign

immunity, it must be strictly construed. *Bowen*, 476 U.S. at 479; see, e.g., *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir.2000) (affirming summary judgment in favor of Commissioner for untimely filing of one day). "The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." *Anderson v. Astrue*, 2008 WL 4506606 *3 (E.D. Cal. Oct.7, 2008).

Here, an ALJ issued a decision on February 7, 2020 finding that Plaintiff's disability had ended in May 2017. (Doc. 11-1 at 3 ¶(e), 39-56). The Appeals Council mailed a notice to Plaintiff on August 27, 2020 denying her request for review, thus making the ALJ's decision the Commissioner's final decision. (*Id.* at 3 ¶(e), 57-59.) The notice from the Appeals Council informed Plaintiff that if she wished to commence a civil action, she must do so within sixty days of the letter's receipt; receipt of the letter was assumed to be five days from the date of the letter, or September 1, 2020. (*Id.*) The sixty-day deadline for Plaintiff to file her complaint was therefore November 2, 2020. Plaintiff filed her complaint on July 19, 2024, almost four years after the statute of limitations had expired. A complaint brought pursuant to 42 U.S.C. § 405(g) may be dismissed on a 12(b)(6) motion if it appears beyond doubt from the face of the complaint "that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1207 (9th Cir.1995)). As it is apparent from the face of Plaintiff's complaint that she did not properly file within the prescribed statutory period, Plaintiff's claims regarding the 2020 ALJ decision will be dismissed as time barred.

Defendant argues that equitable tolling of the statute of limitations is not available. (Doc. 11 at 8-9.) The principle of equitable tolling allows for the statute of limitations to be extended in certain circumstances because the social security regulations were "designed to be 'unusually protective' of claimants." *Bowen,* 476 U.S. at 480. The Supreme Court in *Bowen* noted, Social Security Administration regulations governing extensions of time for filing are based on considerations of fairness to claimants. *Id.* Thus, the Secretary may grant an extension where a suit was not timely filed because of illness, accident, destruction of records, or mistake. *Id.* Similarly, an extension may be granted where the claimant misunderstands the appeal process or

11

is unable to timely collect necessary information, or where the Secretary undertook action that "misled" the claimant concerning his right to review. *Id.* at 480, n. 12, citing 20 C.F.R. §§ 404.911, 416.1411. However, section 405(g) has been strictly construed to permit extensions of time only by the Commissioner pursuant to Title 20 of the Code of Federal Regulations sections 404.911 and 416.1411, or by a Court applying traditional equitable tolling principles in cases where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate. *Id.* at 479–82.

Plaintiff's opposition does not address why the statute of limitations should be equitably tolled. (Doc. 14.) Additionally, while Plaintiff's complaint alleges "sever[e] mental episodes from duress, housing issues, [trauma]… confusion, sadness, anxiety, [and] dissociation," it does not explain why Plaintiff's conditions kept Plaintiff from timely filing a complaint and does not indicate circumstances for which the statute of limitations should be tolled in equity. (*See* Doc. 1.) Therefore, the sixty-day time restriction set forth in 42 U.S.C. § 405(g) bars review of the 2020 administrative decision finding that Plaintiff was no longer disabled, and no special circumstances exist that warrants this Court to toll the limitation period. *See e.g., Ray v. Colvin*, 2014 U.S. Dist. LEXIS 177105 (C.D.Cal. Dec. 22, 2014) (granting motion to dismiss despite Plaintiff's unanswered request for a thirty-day extension of the filing deadline); *see also Middleton v. Astrue*, No. C-09-05754 EDL, 2010 WL 2219662, at *2 (N.D. Cal. May 30, 2010) (granting motion to dismiss with leave to amend after plaintiff filed complaint eleven days late but did not request an extension of time); *Lujano v. Colvin*, No. 1:13-cv-1715-BAM, 2015 WL 3623805, at *3 (E.D. Cal. June 9, 2015).

Accordingly, Defendant's motion to dismiss is GRANTED as to Plaintiff's second claim regarding the 2020 ALJ decision. Plaintiff's claim regarding the 2020 ALJ decision is DISMISSED as time barred **with leave to amend solely to allege plausible facts that the statute of limitations was tolled during the time period between the 2020 decision and the filing of the complaint in this Court and for no other purpose**. *Lopez*, 203 F. 3d at 1130 (" 'district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other

facts.'").

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's rights. *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." L.R. 220.

**D. Plaintiff's Remaining Claims**

Defendant additionally argues that Plaintiff has alleged no other claim upon which relief can be granted. (Doc. 11 at 9-10.) In her complaint, Plaintiff alleges "embezzlement under 18 u.s. code 641 perjury – under 18 u.s.c. 1621 and 1623 RICO 18 u.s.c 201, wrongful termination," and "perjury under federal law 18 u.s.c. 1621 and u.s.c 1623 withholding subjective medical evidence" (Doc. 1 at 4, 7.)

Reading these allegations in context, it appears that they are related to Plaintiff's challenges to the 2015 withholding of payment and 2020 ALJ decision finding Plaintiff not disabled. (*See* Doc. 1.) Those claims were dismissed as the Court lacks jurisdiction regarding the 2015 withholding of payment and Plaintiff's challenge of the 2020 ALJ decision is time barred. To the extent these claims are duplicative, they are dismissed for the reasoning above.

Furthermore, Plaintiff cannot allege cognizable claims based upon the laws referenced. The statutes cited by Plaintiff are criminal statutes that do not provide civil causes of action. *See* 18 U.S.C.A. § 1621 (U.S. Code for criminal perjury); 18 U.S.C.A. § 1623 (U.S. Code for criminal perjury related to false declarations before grand jury or court); 18 U.S.C.A. § 641 (U.S. Code for criminal embezzlement for public money, property or records); 18 U.S.C.A. § 201 (U.S. Code for criminal bribery of public officials and witnesses). Additionally, Plaintiff's RICO allegation

against the Commissioner of Social Security is improper, as government entities are " 'incapable of forming the malicious intent' necessary to support a RICO action." *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (quoting *Lancaster Cnty. Hosp. v. Antelope Valley Hosp.*, 940 F.2d 397, 404 (9th Cir. 1991)). And "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (quoting *Kentucky v. Graham,* 473 U.S. 159, 166 (1985)). As Plaintiff cannot cure the defects in these claims by allegation of further facts, Plaintiff's remaining claims are DISMISSED without leave to amend. *Lopez*, 203 F. 3d at 1130.

### IV.     Plaintiff's Motion for Default Judgment

On March 3, 2025, Plaintiff filed a motion for default judgment. (Doc. 15.) However, Defendant is not in default. A defendant is in "default" for failure to plead or otherwise defend against a complaint for affirmative relief within the time permitted by the Federal Rules. *See* Fed. R. Civ. P. 55(a); Fed. R. Civ. P. 12(a)-(b). A defendant may defend an action by filing a motion pursuant to Federal Rule of Civil Procedure 12(b), which is a "responsive pleading." Fed. R. Civ. P. 12(a)-(b). Here, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 11.) As defendant has filed a responsive pleading, the motion for default is improper.

Accordingly, Plaintiff's motion for default judgment (Doc. 15) is DENIED.

### V.     Conclusion and Order

The Court finds that Plaintiff failed to exhaust her administrative remedies regarding the challenged 2015 withholding of payment and 2022 Title II request actions, and therefore, the Court lacks jurisdiction over those claims. The Court further finds that Plaintiff's challenge to the 2020 decision finding that she was no longer disabled is time barred and Plaintiff therefore fails to state a claim regarding that decision and Plaintiff's allegations regarding embezzlement, perjury, wrongful termination, bribery, RICO, and withholding of medical evidence. Additionally, Plaintiff's motion for default was procedurally.

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for default judgment (Doc. 14) is DENIED;

2. Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 11) is GRANTED and Plaintiff's claims against the Commissioner related to a 2015 withholding of payment and a 2022 Title II request are DISMISSED WITHOUT PREJUDICE as to Plaintiff fully exhausting her administrative remedies;

3. Defendant's motion to dismiss for failure to state a claim (Doc. 11) is GRANTED, and:

    a. Plaintiff's claim against the Commissioner related to a 2020 ALJ decision finding that she was disabled is DISMISSED with leave to amend **to allege plausible facts that the statute of limitations was tolled during the time period between the 2020 decision to the filing of the complaint in this Court and for no other purpose**;

    b. Plaintiff's claims against the Commissioner regarding embezzlement, perjury, wrongful termination, bribery, RICO, and withholding of medical evidence are DISMISSED without leave to amend;

4. Plaintiff shall file a First Amended Complaint within thirty (30) days of the date of service of this Order; and

5. Failure to comply with this Order may result in dismissal of Plaintiff's case. **If Plaintiff fails to comply with this Order, the Court may dismiss this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **March 17, 2025**            /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE