```
Case 1:24-cv-00836-BAM    Document 28    Filed 05/28/25    Page 1 of 12
```

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMASENA DUREEKA RIVERS,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANK BISIGNANO, Commissioner of Social Security[1],<br><br>    Defendant. | Case No. 1:24-cv-00836-BAM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>ORDER DENYING PLAINTIFF'S OBJECTION OF MAGISTRATE JUDGE'S DECISION TO DISMISS AS MOOT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AS MOOT<br><br>ORDER DENYING PLAINTIFF'S "MOTION OF EVIDENCE" AS MOOT<br><br>ORDER DENYING PLAINTIFF'S "MOTION OF REQUEST HOLD OF CONTEMPT AGAINST DEFENDANT AND DEFENDANT'S COUNSEL" AS MOOT<br><br>ORDER DENYING PLAINTIFF'S "MOTION TO DISMISS DEFENDANT'S CASE" AS MOOT<br><br>(Docs. 19-22, 25-26) |

Plaintiff Tomasena Dureeka Rivers, proceeding pro se and in forma pauperis, filed a complaint on July 19, 2024, alleging that the Department of Social Security was "attempting to

---

[1] Frank Bisignano became the Acting Commissioner of Social Security in May 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted for Leland Dudek as Defendant in this suit.

1

take [her] survivor benefit back pay to cover an overpayment for social security once [she was] approved." (Doc. 1 at 10.) Defendant Commissioner of Social Security subsequently moved for dismissal based upon lack of jurisdiction and failure to state a claim. (Doc. 11.) The Court granted Defendant's earlier motion to dismiss but allowed Plaintiff leave to amend "**to allege plausible facts that the statute of limitations was tolled during the time period between the 2020 decision to the filing of the complaint in this Court and for no other purpose**" with respect to Plaintiff's claim related to a 2020 ALJ decision finding that she was disabled. (Doc. 17 at 15) (emphasis in original.) Plaintiff filed her First Amended Complaint. (Doc. 18.) Based upon the Court's prior order dismissing Plaintiff's claims and Plaintiff's First Amended Complaint, Plaintiff's sole remaining claim against the Commissioner is her challenge to the 2020 ALJ decision finding that she was disabled. (Doc. 17 at 15, Doc. 18.)

Currently before the Court is Defendant Commissioner of Social Security's motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim. (Doc. 20.) Defendant contends that Plaintiff's complaint is not timely and that the statute of limitations should not be tolled. (*Id.* at 4-7.) Also before the Court are Plaintiff's filings subsequent to her First Amended Complaint, including Plaintiff's "Objection of Magistrate Judge's Decision to Dismiss," Plaintiff's Motion for Sanctions, Plaintiff's "Motion of Evidence to Support Plaintiff's Objection Magistrate Judge's Decision to Dismiss Plaintiff's Lawsuit," Plaintiff's "Motion of Request Hold of Contempt Against the Defendant and Defendant's Counsel for Obstruction of Justice – Failure to Comply," and Plaintiff's "Motion to Dismiss Defendant's Case." (*See* Docs. 19, 21, 22, 25, 26.)

The Court finds this matter suitable for decision without oral argument. L.R. 230(g). Having considered the parties' briefing and the record in this matter, the Court will grant Defendant's motion to dismiss as to Plaintiff's remaining claim related to the 2020 ALJ decision. (Doc. 20.) The Court will also deny as moot Plaintiff's "Objection of Magistrate Judge's Decision to Dismiss," Plaintiff's Motion for Sanctions, Plaintiff's "Motion of Evidence to Support Plaintiff's Objection Magistrate Judge's Decision to Dismiss Plaintiff's Lawsuit," Plaintiff's "Motion of Request Hold of Contempt Against the Defendant and Defendant's

Counsel for Obstruction of Justice – Failure to Comply," and Plaintiff's "Motion to Dismiss Defendant's Case." (Docs. 19, 21, 22, 25, 26.)

**I.    Background**

**A.  Plaintiff's Initial Complaint**

On July 19, 2024, Plaintiff filed her form complaint. (Doc. 1.) In the Statement of Claim section, Plaintiff writes "Commissioner Martin O'Malley is directly responsible for all programs administered by social security. 2011 ALJ ruled my disability is chronic (permanent) as a final decision. February 2020 ALJ Mary Parnow…" (*Id*. at 5.) In a handwritten attachment to the form, Plaintiff writes "violation of Judge's Decision (Lisa Lunsford) final decision," "violation of Judge's Decision (Robert Gill) final Decision state of Florida," "perjury under federal law 18 u.s.c. 1621 and u.s.c 1623 withholding subjective medical evidence" and proceeds to apparently list different social security determinations regarding her conditions. (*Id.* at 7-13.) Plaintiff further writes that "If a Fully Favorable Decision is made I am requesting my entire full backpay. Disability. Survivor benefits. An attempt to commit fraud the department social security is attempting to take my survivor benefit back pay to cover an overpayment for social security once I am approved. It may be that purpose for violating Judge's Decision." (*Id*. at 10.) Plaintiff also writes "June 2022 I received a loan for $5,000. To lease a car for medical needs as well as school for my children. Department of social security deducted $10,618.32 from my back pay. I paid off loan with my county benefits. I received my $10,618.32 Dec. 2022 after filing an appeal and waiver. I paid over $3,000 in interest on the loan. I have suffered loss due to Department of social security I am requesting the payment I've made on loan interest." (*Id*. at 11.) Plaintiff continues: "May 20, 2015 Department of Social Security withheld $24,729.00 of my backpay. I am requesting a waiver 2013. I received a fully favorable decision. The Department of Social Security refused to automatically convert my Survivor benefit I received in 2009. To withhold $24,729 action of perjury." (*Id*.) Plaintiff finally writes "Feb. 2020 ALJ Mar[y] Parnow wrongfully terminated my social security disability as well my survivor benefit financial support and medicare I inherited from my deceased father. Due to damages of mental abuse, medical malpractice I have become permanently physically damage… March 2022, ALJ Lisa Landsford

3

ruled in my favor and gave a specific consideration to the res judicata effect of ALJ Law Judge Mary Parnow prior decision. The state agency medical consultants did not adequately consider listings 1.17 and 1.22 and they did not review significant subsequent medical evidence (see Judge's decisions)." (*Id.* at 12-13.)

### B. Procedural History

On August 2, 2024, the action was authorized to proceed before the assigned United States Magistrate Judge for all further proceedings including trial and entry of judgment. (Doc. 10.) On September 19, 2024, Defendant filed its initial Motion to Dismiss, which was fully briefed. (Docs. 11-14.) On March 3, 2025, Plaintiff filed a motion for default judgment. (Doc. 15.)

On March 17, 2025, the Court issued its order granting Defendant's motion to dismiss and denying Plaintiff's motion for default judgment as procedurally improper. (Doc. 17.) The Court construed Plaintiff's original complaint as broadly alleging three sets of claims. (*Id.*) First, Plaintiff alleged that the Social Security Administration improperly withheld back benefits beginning in 2015. (Doc. 1 at 11) ("May 20, 2015 Department of Social Security withheld $24,729.00 of my backpay. I am requesting a waiver 2013. I received a fully favorable decision. The Department of Social Security refused to automatically convert my Survivor benefit I received in 2009. To withhold $24,729 action of perjury.") Second, Plaintiff appeared to challenge a 2020 ALJ decision finding that she was no longer disabled. (*Id.* at 12-13.) ("Feb. 2020 ALJ Mar[y] Parnow wrongfully terminated my social security disability as well my survivor benefit financial support and medicare…") Third, Plaintiff alleged "embezzlement under 18 u.s. code 641 perjury – under 18 u.s.c. 1621 and 1623 RICO 18 u.s.c 201, wrongful termination," and "perjury under federal law 18 u.s.c. 1621 and u.s.c 1623 withholding subjective medical evidence…" (*Id.* at 4, 7.) The Court dismissed Plaintiff's claims against the Commissioner related to a 2015 withholding of payment and a 2022 Title II request without prejudice as to Plaintiff fully exhausting her administrative remedies. (Doc. 17 at 15.) The Court further dismissed Plaintiff's claim against the Commissioner related to a 2020 ALJ decision finding that she was disabled with leave to amend "to allege plausible facts that the statute of limitations was

tolled during the time period between the 2020 decision to the filing of the complaint in this Court and for no other purpose." (*Id.*) Finally, the Court dismissed Plaintiff's claims against the Commissioner regarding embezzlement, perjury, wrongful termination, bribery, RICO, and withholding of medical evidence without leave to amend. (*Id.*)

On April 3, 2025, Plaintiff filed a form First Amended Complaint. (Doc. 18.) In her First Amended Complaint, Plaintiff writes that the basis for federal question jurisdiction is "Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988 – Acquiescence Ruling 93-4(9) (Exhibit (6A/16) (ADA) Americans With Disability Act")." (*Id.* at 4.) In the Statement of Claim section, Plaintiff writes "Specific consideration was given to the res judicata effect of Administrative Law Judge Mary Parnow's February 7, 2020 prior decision (Facts of Findings and Conclusions of Law) The evidence establishes the claimant has new severe impairments and therefore the presumption of continuing non-disability Is Rebutted." (*Id.* at 5.) In the Relief section, Plaintiff writes "Plaintiff ask the courts to order Deffendant to pay Fifty Million dollars. Actual damages, compensatory damages caused – (February 2020 termination of SSI) (Disability Abuse) – physically – financially – psychologically – Emotional Abuse – Child Abuse." (*Id.* at 6.) Plaintiff's sole remaining claim against the Commissioner is her challenge to the 2020 ALJ decision finding that she was disabled. (Doc. 17 at 15, Doc. 18.)

The same day, Plaintiff filed an "Objection of Magistrate Judge's Decision to Dismiss," noting that Plaintiff's disability affects her ability "to respond in a format to the courts. (Doc. 19.) Plaintiff further notes that Plaintiff has "plausible" social security forms dated 2020 and requests "to enter substantial evidence copies of four step process, filed the year 2020"; requests an oral hearing; and requests the "courts to grant Plaintiff's objection of the magistrate judges dismiss claim to file law suit." (*Id.*) In this filing, Plaintiff does not address or support tolling of the statute of limitations between the 2020 ALJ decision to the 2024 filing of the complaint. (*Id.*)

On April 11, 2025, Defendant filed the instant motion to dismiss. (Doc. 20.) On April 16, 2025, Plaintiff filed a motion for sanctions alleging without further detail that Defendant withheld evidence, requesting an oral hearing regarding sanctions, and stating that Defendant and Defendant's counsel "did not review Plaintiff's case before filing a motion to dismiss with

prejudice." (Doc. 21.) The same day, Plaintiff also filed a "Motion of Evidence to Support Plaintiff's Objection Magistrate Judge's Decision to Dismiss Plaintiff's Lawsuit," realleging that Defendant did not review Plaintiff's case and stating that "attached to this motion are copies to pervided substantial evidence to magistrate judge the defendant and defendant's counsel falsely testified…" (Doc. 22.)[2] On May 9, 2025, Plaintiff filed a "Motion of Request Hold of Contempt Against the Defendant and Defendant's Counsel for Obstruction of Justice – Failure to Comply" apparently regarding Plaintiff's 2022 Title II request. (Doc. 25.) The same day, Plaintiff also filed a "Motion to Dismiss Defendant's Case," discussing a March 2022 ALJ decision and alleging forgery of documents. (Doc. 26.) Plaintiff attaches documents including a 2022 ALJ decision from ALJ Lisa Lunsford and an August 2020 Notice of Appeals Council Action regarding Plaintiff's request for review of the 2020 ALJ decision, notes that Plaintiff's impairments affect Plaintiff's ability, requests the courts review previous ALJ's decisions, requests an immediate trial, and requests the Court reject Defendant's claims. (*Id.*) The Court notes that the March 2022 ALJ decision referenced by Plaintiff (Docs. 25-26) is not at issue here, as the Court previously dismissed Plaintiff's claims against the Commissioner related to the 2022 Title II request without prejudice as to Plaintiff fully exhausting her administrative remedies. (Doc. 17 at 15.)

**II.     Legal Standards - Federal Rule of Civil Procedure 12(b)(6)**

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff has failed to state a claim upon which relief can be granted. (Doc. 20.)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted). A court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988);

---

[2] While Plaintiff's filing suggests that further documents are attached, no other documents are attached to this filing. (*See* Doc. 22.)

*Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). However, the court need not credit "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555.

If a complaint fails to state a plausible claim, " '[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.' " *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**III.   Discussion**

**A. Defendant's Motion to Dismiss Plaintiff's Challenge to 2020 ALJ Decision as Untimely**

Defendant argues that Plaintiff's challenge to ALJ Mary Parnow's February 7, 2020 decision is untimely. (Doc. 20 at 4-7.)

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

7

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g). The Commissioner of Social Security allows for an additional five days for mailing and receipt. 20 C.F.R. § 422.210(c) ("Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.")

Sections 405(g) and (h) and the Code of Federal Regulations therefore operate to constitute a 60–day statute of limitations in which the claimant may appeal a final decision from the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987). As the time limit set forth in Title 42 of the United States Code section 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen*, 476 U.S. at 479; see, e.g., *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir.2000) (affirming summary judgment in favor of Commissioner for untimely filing of one day). "The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying

benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." *Anderson v. Astrue*, 2008 WL 4506606 *3 (E.D. Cal. Oct.7, 2008).

Here, an ALJ issued a decision on February 7, 2020 finding that Plaintiff's disability had ended in May 2017. (Doc. 20-1 at 3 ¶(e), 39-56.) The Appeals Council mailed a notice to Plaintiff on August 27, 2020 denying her request for review, thus making the ALJ's decision the Commissioner's final decision.[3] (*Id.* at 3 ¶(e), 57-61.) The notice from the Appeals Council informed Plaintiff that if she wished to commence a civil action, she must do so within sixty days of the letter's receipt; receipt of the letter was assumed to be five days from the date of the letter, or September 1, 2020. (*Id.*) The sixty-day deadline for Plaintiff to file her complaint was therefore November 2, 2020. Plaintiff filed her complaint on July 19, 2024, almost four years after the statute of limitations had expired. (Doc. 1.) A complaint brought pursuant to 42 U.S.C. § 405(g) may be dismissed on a 12(b)(6) motion if it appears beyond doubt from the face of the complaint "that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1207 (9th Cir.1995)). As it is apparent from the face of Plaintiff's complaint that she did not properly file within the prescribed statutory period, Plaintiff's claims regarding the 2020 ALJ decision will be dismissed as time barred.

Defendant argues that equitable tolling of the statute of limitations is not available, noting that her First Amended Complaint does not address why circumstances made it impossible for Plaintiff to timely file a civil action. (Doc. 20 at 6-7.)

The principle of equitable tolling allows for the statute of limitations to be extended in certain circumstances because the social security regulations were "designed to be 'unusually protective' of claimants." *Bowen,* 476 U.S. at 480. The Supreme Court in *Bowen* noted, Social Security Administration regulations governing extensions of time for filing are based on

---

[3] Plaintiff includes this August 27, 2020 notice in her "Motion to Dismiss Defendant's Case," including a page which notes "If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action… You have 60 days to file a civil action (ask for court review)… The 60 days start the day after you receive this letter..." (Doc. 26 at 23-24.)

9

considerations of fairness to claimants. *Id.* Thus, the Secretary may grant an extension where a suit was not timely filed because of illness, accident, destruction of records, or mistake. *Id.* Similarly, an extension may be granted where the claimant misunderstands the appeal process or is unable to timely collect necessary information, or where the Secretary undertook action that "misled" the claimant concerning his right to review. *Id.* at 480, n. 12 (citing 20 C.F.R. §§ 404.911,416.1411). However, section 405(g) has been strictly construed to permit extensions of time only by the Commissioner pursuant to Title 20 of the Code of Federal Regulations sections 404.911 and 416.1411, or by a Court applying traditional equitable tolling principles in cases where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate. *Bowen*, 476 U.S. at 479-82.

Plaintiff's First Amended Complaint and subsequent filings do not address why the statute of limitations should be equitably tolled. (*See* Docs. 18-19, 21-22, 25-26.) Additionally, while Plaintiff's "Objection of Magistrate Judge's Decision to Dismiss" notes that Plaintiff's disability affects her ability "to respond in a format to the courts" and Plaintiff's "Motion to Dismiss Defendant's Case" notes that Plaintiff's impairments affect Plaintiff's abilities, they do not explain why Plaintiff's conditions kept Plaintiff from timely filing a complaint and do not indicate circumstances for which the statute of limitations should be tolled in equity. (*See* Doc. 19 at 1, Doc. 26 at 15.) Furthermore, Plaintiff received and was aware of the Notice of Appeals Council Action clarifying the process for civil action challenges of Commissioner decisions and sixty-day deadline, as she included it in a subsequent filing. (Doc. 26 at 23-24.) Therefore, the sixty-day time restriction set forth in 42 U.S.C. § 405(g) bars review of the 2020 administrative decision finding that Plaintiff was no longer disabled, and no special circumstances exist that warrants this Court to toll the limitation period. *See e.g., Ray v. Colvin,* No. EDCV 13-1274-CW, 2014 U.S. Dist. LEXIS 177105 (C.D. Cal. Dec. 22, 2014) (granting motion to dismiss despite Plaintiff's unanswered request for a thirty-day extension of the filing deadline); *see also Middleton v. Astrue*, No. C-09-05754 EDL, 2010 WL 2219662, at *2 (N.D. Cal. May 30, 2010) (granting motion to dismiss with leave to amend after plaintiff filed complaint eleven days late but did not request an extension of time); *Lujano v. Colvin*, No. 1:13-cv-1715-BAM, 2015 WL

10

3623805, at *3 (E.D. Cal. June 9, 2015).  Plaintiff will not be granted leave to amend, as the Court previously permitted Plaintiff leave to amend to address the statute of limitations and equitable tolling issues and Plaintiff has not cured the issue.  *See Lopez*, 203 F.3d at 1130.

Accordingly, Defendant's motion to dismiss is GRANTED as to Plaintiff's second claim regarding the 2020 ALJ decision.  Plaintiff's claim regarding the 2020 ALJ decision is DISMISSED as time barred without leave to amend.

### B.  Plaintiff's Motions and Requests (Docs. 19, 21, 22, 25, 26.)

Plaintiff has filed numerous motions and requests, including Plaintiff's "Objection of Magistrate Judge's Decision to Dismiss," Plaintiff's Motion for Sanctions, Plaintiff's "Motion of Evidence to Support Plaintiff's Objection Magistrate Judge's Decision to Dismiss Plaintiff's Lawsuit," Plaintiff's "Motion of Request Hold of Contempt Against the Defendant and Defendant's Counsel for Obstruction of Justice – Failure to Comply," and Plaintiff's "Motion to Dismiss Defendant's Case."  (*See* Docs. 19, 21, 22, 25, 26.)  As the Court has dismissed Plaintiff's remaining claim, these motions are DENIED as moot.

### IV.    Conclusion and Order

The Court finds that Plaintiff's challenge to the 2020 ALJ decision finding that she was no longer disabled is time barred and Plaintiff therefore fails to state a claim regarding that decision.  For the reasons stated above, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to dismiss for failure to state a claim (Doc. 20) is GRANTED;
2. Plaintiff's claim against the Commissioner related to a 2020 ALJ decision finding that she was disabled is DISMISSED without leave to amend;
3. Plaintiff's "Objection of Magistrate Judge's Decision to Dismiss" (Doc. 19) is DENIED as moot;
4. Plaintiff's Motion for Sanctions (Doc. 21) is DENIED as moot;
5. Plaintiff's "Motion of Evidence to Support Plaintiff's Objection Magistrate Judge's Decision to Dismiss Plaintiff's Lawsuit" (Doc. 22) is DENIED as moot;
6. Plaintiff's "Motion of Request Hold of Contempt Against the Defendant and Defendant's Counsel for Obstruction of Justice – Failure to Comply" (Doc. 25) is

DENIED as moot;

7. Plaintiff's "Motion to Dismiss Defendant's Case" (Doc. 26) is DENIED as moot;

8. The Clerk of the Court is DIRECTED to enter judgment in favor of Defendant Frank Bisignano, Commissioner of Social Security and against Plaintiff Tomasena Dureeka Rivers; and

9. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:  **May 28, 2025**                         /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE

12