UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMASENDA D. RIVERS,<br><br>Plaintiffs,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:24-cv-00836-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION**<br><br>(Docs. 30, 31, 32, 34, 35, 36, 38, 39, 40, 41, 42)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>(Doc. 36)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO EXPEDITE AS MOOT**<br><br>(Doc. 37) |

Currently before the Court are Plaintiff Tomasenda D. Rivers' ("Plaintiff") numerous motions challenging the Court's order issued May 28, 2025, which granted the Commissioner of the Social Security Administration's ("Defendant") motion to dismiss the amended complaint and closed the case. (Doc. 28.) The Court will construe Plaintiff's motions as motions for reconsideration of the Court's order issued May 28, 2025.[1]

Plaintiff subsequently filed several motions seeking to vacate the Court's Order.

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge. (Doc. 10.) For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C.§ 636(c); Fed. R. Civ. P. 73; *see also* L. R. 301, 305.

1

1   Currently before the Court are Plaintiff's Motions to Vacate (Docs. 30, 31, 32), "Motion to
2   Compel Against the Defendant on the Grounds of Non-Compliance of Lawful Order March 31,
3   2022" (Doc. 35), "Motion to Hold Defendant and Deffendant's [sic] Council [sic] in Contempt of
4   Courts [sic] Due to Non-Conpliance [sic] of ALJ Lisa Landsford dated March 31, 2022" (Doc.
5   36), Motion to Expedite and Vacate Judgment (Doc. 37), "Motion to Enter Evidence as Burden of
6   Proof to Support Plaintiff's Motion to Vacate Judgment also 31, 32, 34, 35, 36, 37 Motions on
7   Docket" (Doc. 38), "Motion to Shorten Time on Assigning District Judge" and "Request to
8   Unrestrict to Public Acess [sic] to Docket" (Doc. 39), "Motion to Enforce Releif [sic]" (Doc. 40),
9   "Motion of Discovery Supported by Magistrate Judges Minute Order Docket 24" (Doc. 41), and
10  "Plaintiff's Response to Magistrate Judges [sic] Order." (Doc. 42.)  On June 11, 2025, Defendant
11  filed a response to Plaintiff's motion to vacate the order of dismissal. (Doc. 33.) On June 18,
12  2025, Plaintiff filed her reply. (Doc. 34.)
13      The Court finds this matter suitable for decision without oral argument. L.R. 230(g).
14  Having considered the parties' briefing and the record in this matter, the Court will DENY
15  Plaintiff's motions for reconsideration (Docs. 30, 31, 34, 35, 38, 39, 40, 41, 42), DENY
16  Plaintiff's request for a default judgment (Doc. 36), and DENY Plaintiff's motion to expedite as
17  moot (Doc. 37).
18  **I.   Background**
19      **A.  Procedural Background**
20      On July 19, 2024, Plaintiff filed this action, proceeding *pro se* and *in forma pauperis*,
21  seeking judicial review of a final decision of the Commissioner of the Social Security
22  Administration. (Doc. 1.) On September 19, 2024, Defendant filed a motion to dismiss the initial
23  complaint on the basis that: (1) Plaintiff had not exhausted her administrative remedies, (2)
24  Plaintiff's complaint was not timely, (3) Plaintiff had not alleged a claim upon which relief can be
25  granted, and (4) Plaintiff is not entitled to the requested relief. (Doc. 11.) On March 17, 2025,
26  the Court granted Defendant's motion to dismiss with leave to amend the complaint regarding
27  Plaintiff's challenge to the 2020 ALJ decision solely to address the issue of equitable tolling.
28  (Doc. 17.)

On April 3, 2025, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 18.) On April 11, 2025, Defendant filed a motion to dismiss the FAC on the grounds that (1) Plaintiff's FAC is not timely, and (2) the statute of limitations should not be tolled. (Doc. 20.) On May 28, 2025, the Court granted Defendant's motion to dismiss the FAC without leave to amend, finding Plaintiff's challenge to the 2020 ALJ decision to be time barred and that Plaintiff therefore failed to state a claim regarding that decision. (Doc. 28.) The Clerk of Court was directed to close the case. (*Id.* at 12.) On May 28, 2025, the Clerk entered and served judgment in favor of Defendant. (Doc. 29.)

From June 2, 2025 to the present, Plaintiff has filed approximately eleven motions requesting that the Court vacate its decision, expedite the action, issue a default judgment, and assign a district judge. (Docs. 30-32, 35-42.)

### B. Factual Allegations[2]

The Court will summarize the allegations contained in Plaintiff's several filings following the Court's May 28, 2025 order. (Doc. 28). The Court construes these allegations as Plaintiff's proposed bases for reconsideration of the Court's May 28, 2025 order.

Plaintiff argues at several places that the Court should vacate its judgment against Plaintiff for, among other reasons: the presence of a "potential *Brady* violation," because there is "impeaching evidence that is favorable to the Plaintiff", because the Defendant is "impeding justice and obstructing the Court's ability to make an informed decision," that the administrative transcript "reveals the onging [sic] non-conpliance [sic] to comply with discovery obligation," because Defendant's motion to dismiss was filed "intentionally to hinder the proceedings," and because Plaintiff "has a right to a hearing." (Doc. 30 at 1-3; *see also* Doc. 31 at 2-3 (making the same arguments)).

Elsewhere, Plaintiff alleges that the Social Security Administration inappropriately mailed notice of Plaintiff's daughter's disability hearing date in violation of privacy rights (Doc. 34 at 1-

---

[2] The allegations described herein are taken from the complaint and motion papers, and are taken as true for the purpose of the pending motion only. Because Plaintiff's filings are written entirely in uppercase font, quotations from Plaintiff's filings are quoted using conventional sentence case for the purposes of readability.

3

2), that the ALJ's March 31, 2022 decision failed to consider "Plaintiff's medical impairments and withheld favorable subjective evidence," (*id.* at 8), and that Defendant's counsel is "withholding notice to new Commissioner Frank Bisignano" of Plaintiff's case and requesting "formal notice from Frank Bisignano that he has been formally updated of [the] case." (Doc. 35 at 1-2).  Plaintiff alleges that "Plaintiff has gone through multiple attempts from Social Security Administration . . . to force the Plaintiff to drop lawsuit," that "Defendant and Defendant's Council [sic] attempted to dismiss the Plaintiff's case misled the courts while aware of the non-conpliance [sic] by former commissioner's [sic] since 2022," and that "the Commissioner's inaction since 2022 constitutes a failure to 'plead or otherwise defend,' triggering the possibility of a default judgment."  (Doc. 36 at 1-3.)  Plaintiff has filed several photographs of injuries to her leg and foot, requesting leave to "enter evidence as burden of proof to support Plaintiff's motion to vacate judgment" and argues that she is "unable to receive medical help" and "unable to have surgery due to SSA refusal to comply with lawful order to reverse denile [sic] of Plaintiff's application."  (Doc. 38 at 1, 3-17.)

In addition, Plaintiff alleges at that:

> March 31, 2022 final binding decision so ordered, by Administrative Law Judge Lisa Landsford a rebuttale [sic] of previous ALJ Mary Parnow's decision to terminate Plaintiff's disability and survivor benefits Feb 2020.  Social Security Administration refused to comply out of retaliation.  Social Security Administration on March 31, 2022.  On record so ordered to comply with reverse decision, of Plaintiff's application denied December 2020.

(Doc. 37 at 2; *see also* Doc. 40 at 1-4 (making the same arguments)).  Plaintiff asks that the Court "shorten time on assigning district judge to review and or hear motion to vacate judgment filed by Plaintiff against the Magistrate Judge rule in the favor of the Defendant's motion to dismiss. Due to alegation [sic] of Plaintiff's failing to exaust [sic] all of social security appeals remedies."  (Doc. 39 at 2.)

On October 3, 2025, Plaintiff filed a motion arguing why equitable tolling should be permitted in this action.  (Doc. 42.)  She alleges that she was not able to file this action within sixty days of receiving the final decision of the Commissioner due to "extraordinary circumstances beyond her control," including that she was "medically incapacitated during this

4

period, and unable to understand or pursue her legal rights in a timely manner," "lacked legal assistance or mental health care during the COVID-19 pandemic, which compounded her inability to take action," "was not clearly informed of her rights or deadlines by the SSA," "faced housing instability and financial hardship after the wrongful termination of benefits," "acted with reasonable diligence by attempting to contact SSA and seek reinstatement of her benefits," and "filed this civil action as soon as reasonably possible . . . after learning that federal court review was her only remaining remedy." (Doc. 42 at 1-2.)

Defendant responded to Plaintiff's motion to vacate the order of dismissal, arguing that Plaintiff has not shown any proper basis to reconsider or vacate the Court's dismissal order under Rule 60(b). (Doc. 33 at 3.)

**II.     Legal Standards**

    **A.  Rule 59**

A motion for reconsideration may be brought under Federal Rule of Civil Procedure 59(e) or 60(b). *Zepeda v. Tate*, No. CV 1:07-0982-SMM, 2011 WL 2746485, at *1 (E.D. Cal. July 13, 2011). Erring on the side of caution, this Court has considered a motion for reconsideration under both Rules 59(e) and 60(b). *See id*.

A district court may alter or amend its judgment pursuant to Rule 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion to amend judgment under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008).

    **B.  Rule 60(b)**

Federal Rule of Civil Procedure 60(b) provides for reconsideration of the Court's final

5

1  judgments or orders where one or more of the following is shown: (1) mistake, inadvertence,
2  surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence,
3  could not have been discovered before the court's decision; (3) fraud by the adverse party; (4)
4  voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief.
5  Fed. R. Civ. P. 60(b); *Sch. Dist. No. 1J*, 5 F.3d at 1263.

6  Motions for reconsideration are committed to the discretion of the trial court. *Rodgers v.
7  Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). "To succeed, a party must set forth facts or law
8  of a strongly convincing nature to induce the court to reverse its prior decision." *Wiley v. Hartley*,
9  2012 WL 3114953, at *1 (E.D. Cal. July 31, 2012) (internal citation omitted). "A party seeking
10 reconsideration must show more than a disagreement with the Court's decision, and recapitulation
11 of the cases and arguments considered by the court before rendering its original decision[.]" *U.S.
12 v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks
13 and citation omitted).

14  **C.  Local Rule 230(j)**

15  Pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order,
16 a party must show "what new or different facts or circumstances are claimed to exist which did
17 not exist or were not shown upon such prior motion, or what other grounds exist for the motion"
18 and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule
19 230(j).

20  **D.  Rule 55(b)**

21  Federal Rule of Civil Procedure 55(b)(1) outlines the circumstances under which the clerk
22 of the court may enter default judgment. "If the plaintiff's claim is for a sum certain or a sum that
23 can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit
24 showing the amount due—must enter judgment for that amount and costs against a defendant
25 who has been defaulted for not appearing and who is neither a minor nor an incompetent
26 person." Fed. R. Civ. P. 55(b)(1). Federal Rule of Civil Procedure 55(b)(2) states that in "all
27 other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P.
28 55(b)(2). Factors which may be considered by courts in exercising discretion as to the entry of

1 a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of

2 plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in

3 the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

4 due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil

5 Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.

6 1986).

7 **III.  Discussion**

8     **A.  Motion for Reconsideration**

9     The Court finds that Plaintiff has not set forth facts or law of a strongly convincing nature

10 to induce the Court to reverse its prior decision under either Rule 59 or Rule 60.

11     Plaintiff's motion for reconsideration cannot be granted under Rule 59(e).  Plaintiff does

12 not present any newly discovered evidence, clear error, or intervening change in controlling law

13 on any of the issues discussed in the Court's May 28, 2025 order.  The Ninth Circuit holds that

14 Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and

15 conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th

16 Cir. 2000) (internal quotation marks and citation omitted).  Plaintiff has not presented newly

17 discovered evidence, clear error, or intervening change in any controlling law.  Plaintiff merely

18 disagrees with the Court's decision to dismiss the case.

19     Similarly, Plaintiff's motions for reconsideration would also fail under Rule 60(b).  The

20 motions do not claim any new or different facts or circumstances exist which were not shown in

21 the prior motion and does not set forth any grounds for relief under Rule 60(b)(1)-(5).  As

22 Defendant notes, Plaintiff had the opportunity to file, and in fact did file, objections to both of

23 Defendant's motions to dismiss. (Doc. 33 at 3.)  Plaintiff raised many of the same arguments in

24 the opposition briefs to Defendant's motions to dismiss. (*See* Doc. 11 at 2 (arguing Defendant

25 did not comply with due process) and Doc. 34 (arguing that Plaintiff's suit is timely, Defendant's

26 motion to dismiss is impeding the court, Defendant is relying to comply with ALJ Landsford's

27 favorable decision, Plaintiff is suffering hardship, and relevant evidence was not considered)).

28 The Court considered these arguments while deciding Defendant's prior motions to dismiss. (*See*

1  Doc. 17 at 7-13 *and* Doc. 28 at 7-11.)  Plaintiff's reassertion of arguments previously submitted
2  before the Court does not meet the standard required for reconsideration under Rule 60.
3     Plaintiff also has not demonstrated that the requisite extraordinary circumstances exist to
4  justify relief under Rule 60(b)(6).  "Relief under Rule 60(b)(6) . . . is available only under
5  extraordinary circumstances."  *Twentieth Century-Fox Film Corp. v. Dunnahoo,* 637 F.2d 1338,
6  1341 (9th Cir. 1981); *see also In re Int'l Fibercom, Inc.,* 503 F.3d 933, 941 (9th Cir. 2007) ("Rule
7  60(b)(6) . . . is to be utilized only where extraordinary circumstances prevented a party from
8  taking timely action to prevent or correct an erroneous judgment.")  Accordingly, a party moving
9  for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his
10 control that prevented him from proceeding with . . . the action in a proper fashion."  *In re Int'l*
11 *Fibercom, Inc.,* 503 F.3d at 941 (citing *Community Dental Servs. v. Tani,* 282 F.3d 1164, 1168
12 (9th Cir. 2002)).  As the Court previously noted in its May 28, 2025 order, the ALJ issued a
13 decision on February 7, 2020 finding that Plaintiff's disability had ended in May 2017.  (Doc. 28
14 at 9.)  The sixty-day deadline for Plaintiff to file her complaint was November 2, 2020.  Plaintiff
15 filed her complaint on July 19, 2024, almost four years after the statute of limitations had expired.
16 (*Id.*)  Plaintiff alleges that she was not able to file this action within sixty days of receiving the
17 final decision of the Commissioner due to "extraordinary circumstances beyond her control"
18 including medical and financial difficulties, lack of legal representation, and lack of clear notice
19 from the SSA.  (Doc. 42 at 1-2.)  These circumstances do not constitute the requisite
20 extraordinary circumstances exist to justify relief under Rule 60(b)(6).  Plaintiff has not shown
21 clear error or other meritorious grounds for relief and has not met its burden as the party moving
22 for reconsideration.  *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873,
23 880 (9th Cir. 2009).
24    Accordingly, Plaintiff's motions for reconsideration shall be DENIED.
25       **B.  Motion for Default Judgment**
26    In her July 7, 2025 motion, Plaintiff requests that the Court enter a default judgment in her
27 favor against Defendant.  (Doc. 36 at 3) ("In a civil lawsuit, a default judgment can be granted
28 when a party fails to respond to a legal filing or meet court-ordered deadlines.  In this case, the

8

1 plaintiff claims the Commissioner's inaction since 2022 constitutes a failure to 'plead or
2 otherwise defend,' triggering the possibility of a default judgment.  The plaintiff is arguing that
3 the non-compliance is egregious enough to warrant ruling in their favor without the
4 Commissioner fully presenting their message to the Courts.")  The Court finds that default
5 judgment is not appropriate in this case.[3]  Defendant has not failed to plead or otherwise defend
6 as provided by Rule 55.

7      Accordingly, Plaintiff's motion does not comply with the requirements of Rule 55 and is
8 DENIED.

### C. Motion to Expedite and Motion to Appoint District Judge

10      On July 28, 2025, Plaintiff filed a request to expedite the Court's decision on her motions
11 for reconsideration.  (Doc. 37.)  Plaintiff contends that "actions created internally by the Social
12 Security Administration, has cause [sic] sever [sic] hardship for the Plaintiff and Plaintiff's
13 children's [sic] who have critical special needs."  (*Id.* at 1.)  Plaintiff also states that she had
14 "contacted Defendant's council [sic] to request a settlement offer or medation [sic]," but that the
15 individual answering the phone "stated she has a lot of open cases and has not returned call to
16 Plaintiff while knowing, Plaintiff's [sic] has filed judges [sic] transcript proof of non-conpliance
17 [sic] and the motion to dismiss granted by Magistrate Judge was an error." (*Id.* at 2.)

18      Federal courts are barred from hearing matters in the absence of a live case or
19 controversy.  U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "[A]n issue
20 is moot when deciding it would have no effect within the confines of the case itself."  *Tur v.*
21 *Youtube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) (citation omitted).  Because the Court rules
22 that Plaintiff's motions for reconsideration and motion for default judgment are denied, and
23 because no claims remain in the case, the Court DENIES Plaintiff's motions to expedite and
24 motion to appoint a district judge as moot.

### D. Repetitive Filings

26 Plaintiff has filed multiple repetitive motions seeking the same forms of relief, and she is

---

[3] The Court notes that Plaintiff has previously filed a motion for default judgment (Doc. 15), which the Court declined to grant on the basis that it was procedurally improper.  (Doc. 17.)

cautioned that continued repetitive filings will result in such filings summarily being stricken from the record and potential limits on filing or sanctions. *See Brown v. Reilly*, No. 22-0CV-1709-WBS-ACP, 2022 WL 2164751, at *2 (E.D. Cal. May 9, 2022) (cautioning same). Plaintiff is further advised that the Clerk of Court was already directed to close this case (Doc. 28) and judgment was entered in favor of Defendant. (Doc. 29.)

Accordingly, the case is closed and remains closed. Any further filings by Plaintiff will be summarily stricken from the docket.

## **Conclusion and Order**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for reconsideration (Docs. 30, 31, 32, 34, 35, 36, 38, 39, 40, 41, 42) are DENIED;
2. Plaintiff's motion for a default judgment (Doc. 36) is DENIED;
3. Plaintiff's motion to expedite (Doc. 37) is DENIED as moot; and
4. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:  **October 8, 2025**          /s/ *Barbara A. McAuliffe*          
                                    UNITED STATES MAGISTRATE JUDGE

10